UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ANNIE B. GREEN and WYART W. GREEN,

    Plaintiffs,

v.

HOWMET CORPORATION
MUSKEGON COUNTY OPERATIONS
HOURLY EMPLOYEE'S PENSION
PLAN,

    Defendant.

_____/

Case No. 1:11-CV-444

HON. GORDON J. QUIST

## OPINION ENTERING JUDGMENT ON THE ADMINISTRATIVE RECORD

Plaintiff, Annie Green, worked at Alcoa Howmet Corporation until February 10, 2006. After her employment's termination, Green applied for a disability pension with Defendant, Howmet Corporation Muskegon County Operations Hourly Employees' Pension Plan (the "Plan"). The Plan's Board of Administration (the "Board") denied Green's application for a disability pension. Had Green been eligible to receive a disability pension, she could have received benefits until she received her normal pension, which commenced on September 1, 2011.

For nearly five years, Green took no action regarding her application for disability pension benefits. Then, on May 2, 2011, Green and her husband filed a complaint. After receiving the complaint, Alcoa Howmet offered Green assistance in completing the retirement process, which Green declined. On August 9, 2011, this Court granted the Plan's Motion to Dismiss Plaintiffs' complaint because Green had failed to exhaust her administrative remedies. The Court stayed the action to allow Green to exhaust the administrative process. Green exhausted the administrative

process, but the Plan affirmed the denial of her application for a disability pension. Despite several requests from the Plan, Green did not submit a doctor's opinion which opined that Green was totally and permanently disabled when her employment ended with Alcoa Howmet in 2006.

On January 18, 2012, this Court ordered that Green had until February 1, 2012, to provide to the Plan a physician-provided statement or confirmation that she was totally and permanently disabled prior to her termination on February 10, 2006. Green never provided such a statement.

## ANALYSIS

The Plan's determination will be reviewed under the "arbitrary and capricious" standard because the Plan confers discretion on the Board to determine eligibility and construe the terms of the Plan. *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 710 (6th Cir. 2000) ("[W]here the plan clearly confers discretion upon the administrator to determine eligibility or construe the plan's provisions, the determination is reviewed under the 'arbitrary and capricious' standard.") Here, the Plan states that "[t]he Board of Administration has discretionary authority to determine eligibility for benefits and to construe the terms of the Plan, and is empowered to exercise such discretionary authority as the facts and circumstances warrant." (Docket no. 29-2 at Page ID 367.)

"The arbitrary and capricious standard is the least demanding form of judicial review of administrative action. When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Hunter*, 702 F.3d at 710. (quotation omitted).

ERISA plans must be administered according to the terms of the plan. *See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan,* 555 U.S. 285, 300, 129 S. Ct. 865, 875 (2009). Under the Plan at issue, an employee must have a total and permanent disability in order to be eligible for a disability pension. (Docket no. 29-1 at Page ID 341.) An employee has a total and permanent

2

disability "when on the basis of medical evidence satisfactory to the Board of Administration he is found to be permanently prevented from physically engaging in any occupations at any of the plants covered by the collective bargaining agreement. (*Id.* at 340.) In addition, the Plan allows the board to require an employee to complete an application for a retirement benefit upon a form approved by the Board, and to accompany it with all pertinent information. (*Id.* at 367.)

In the instant case, Green never completed the Board-approved form. In addition, Green did not provide medical evidence from a treating physician that she was totally and permanently disabled when her employment terminated in 2006.[1] Green was given numerous opportunities to remedy these defects, but she never did so. For these reasons, the Plan's decision to deny Green a disability pension was not arbitrary and capricious.

Green submitted a Social Security Disability Award letter, but "an ERISA plan administrator is not bound by an SSA disability determination when reviewing a claim for benefits under an ERISA plan." *Whitaker v. Hartford Life & Acc. Ins. Co.*, 404 F.3d 947, 949 (6th Cir. 2005). The standards for determining whether a person is disabled for a Social Security Disability Award may different from the standard under an ERISA plan, and such is the case here. Green's Social Security Disability Award letter does not prove that Green had a total and permanent disability as defined in the Plan. In fact, it does not state any basis for the Social Security's conclusion that Green was entitled to Social Security Disability benefits.

---

[1] Subsequent to Green exhausting her administrative remedies, she submitted a letter from Dr. Krohn. Dr. Krohn's letter included a letter from Dr. Keirn, written in 2003 and purportedly sent to Alcoa Howmet in 2003. Dr. Keirn was Green's prior treating physician. For one, the Board does not have to consider the letter because it was submitted after the denial of her appeal. *Huffmaker v. Metro. Life Ins.*, 271 F. App'x 493, 498-99 (6th Cir. 2008) (holding that a plan administrator is not required to consider evidence that is presented after denial of the appeal). Second, Dr. Keirn's letter was never submitted to the Board in connection with Green's application for disability benefits. Third, the letter does not state that Green was totally and permanently disabled at the time her employment was terminated.

## CONCLUSION

The Plan's decision denying Green a disability pension will be affirmed. Judgment will be entered in favor of Plan and against the Greens.

A separate Order and Judgment will issue.


Dated:  June 5, 2012                               /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE